In re Liaison Committee; — Plaintiff(s); applying for supervisory and/or remedial writ; to the Court of Appeal, First Circuit, No. CW96 1347; Parish of Washington, 22nd Judicial District Court, Div. “C”, No. 73,353.
WRIT GRANTED WITH ORDER. The ruling of the court of appeal dated July 12, 1996, reversing the trial court’s consolidation of Hollaway v. Gaylord Chemical, 73,341, and Cotton v. Gaylord Chemical, 73,353, two cases involving an identical set of facts and against the same defendants, is reversed and the judgment of the district court reinstated. Code of Civil Procedure art. 1561 allows trial courts to consolidate cases involving common issues of law or fact, and Local Rule IV(C) requires that such cases be consolidated with the case bearing the lowest docket number. Additionally, the consolidation order, according to the rule, is to be signed by the judge transferring the case and the judge receiving the case except “in those instances where justice requirefs] separate trials.” Given the commonalities that these two eases share (both arise from the same incident, are against the same defendants, make similar allegations against the defendants, and both seek to certify a class action suit) and the absence of any expressed reason why the interests of justice require that there be separate trials, thereby supporting the decision of the judge of Section B not signing the consolidation order, the eases should be, and are, consolidated.
Furthermore, over and above the foregoing reasons, this Court, in the exercise of its supervisory authority and consistent with Code of Civil Procedure art. 1561, hereby consolidates the Cotton case with the Hollar way case by transferring the Cotton case to Section C of the Twenty-Second Judicial District.
KIMBALL, J., dissents with reasons.